J. H. Kyle v. The State.

No. 4424.   Decided February 17, 1909.

</div>

**1.—Slander—Information—Want of Chastity.**·

See opinion for an information charging slander of a female which is held to be sufficient, and that the language employed therein does impute a want of chastity.

**2.—Same—Bill of Exceptions.**

Where the bill of exceptions did not show what the answer of the witness would have been, the same could not be considered on appeal.

**3.—Same—Predicate—Impeaching Witness.**

Where the bills of exception failed to show that a predicate had been laid to impeach the witness, testimony to impeach him was correctly refused.

**4.—Same—Sufficiency of the Evidence.**

Where upon trial for slander of a female there was a conflict in the testimony, the verdict will not be disturbed.

Appeal from the County Court of Somervell. Tried below before the Hon. R. L. Bryan.

Appeal from a conviction of slander of a female; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of slander. Motion was made to quash the information. The complaint and information are in harmony with each other and the information follows the complaint in its averments. The charging part is as follows: "That appellant did falsely and maliciously and falsely and wantonly impute to one Donie Lee, then and there an unmarried female, a want of chastity in this, that he, the said J. H. Kyle, did then and there, in the presence and hearing of J. J. Neal, falsely, maliciously and wantonly say of and concerning the said Donie Lee, to the said J. J. Neal, that in the spring the old lady Lee and her girls would get behind with their work and that he, the said J. H. Kyle, would then let him, the said J. J. Neal, off for a few days, and that he, the said J. J. Neal, could get in with Donie Lee, and that he, the said J. J. Neal, could let him, the said J. H. Kyle, catch them, and that they both could have a good time with her for that she was the easiest thing in the country to work, meaning thereby that said J. J. Neal could have carnal intercourse of said Donie Lee, and that if said J. H. Kyle could catch them in the act of copulating then he, the said J. H. Kyle, could have carnal intercourse of the said Donie Lee, and meaning further that the said Donie Lee was the most unvirtuous woman in the country. The motion to quash is based upon the general proposition that those statements do not impute a want of chastity, and therefore do not constitute a basis of slander. Under the authority of Wallace v. State, 49 S. W. Rep., 395, we are of opinion that this information is sufficient, and that the language employed does impute a want of chastity.

There are some bills of exception reserved to the ruling of the court; the first two of which do not show what the answer of the witness would have been. The other two bills are insufficient, in that they fail to show that a predicate had been laid for the

introduction of testimony sought. The evidence of the witness is given, or the expected answer rather; and the further statement was made for the purpose of impeachment, yet, the bill fails to show that the predicate had been laid or proper questions asked of the witness as a preliminary to asking the questions and eliciting the answers. Neal was the witness it was proposed to contradict or impeach. The witnesses Price Carter and Willis were the witnesses offered to prove the statement of Neal to them. These two bills fail to show that Neal had been asked the question, or that any predicate had been laid, and what his answer would have been had he been asked. As the bills present these matters, we are of opinion they are not sufficient to require a revision, and for this reason the matters urged are not discussed.

It is also insisted that the evidence is not sufficient. The evidence supports the allegations, are in direct conformity and in support of the averments in the pleadings. If the matters averred constitute slander, the evidence would be sufficient. There was an issue upon the statements, but the finding was against appellant.

For the reasons indicated the judgment is affirmed.

<div align="right"><em>Affirmed.</em></div>