WILLIAM HENRY DELANEY V. THE STATE.

No. 15690.   Delivered April 19, 1933.
Reported in 59 S. W. (2d) 397.

The opinion states the case.

*John Morison* and *T. C. McMurray,* both of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for five years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed J. E. Purgason by shooting him with a pistol.

Deceased was foreman of the Worth Mills, and, as an employee, appellant was under deceased's supervision. Some time before the homicide deceased had discharged appellant; it being appellant's version that he had refused to return to deceased an amount of money he had received in a transaction involving the "padding" of the payrolls. Appellant testified that deceased placed on the payrolls fictitious claims for wages, which sums were returned to deceased by the employees and were retained by deceased for his own use and benefit. Appellant declared that, when deceased insisted that he repay him a sum of money he had received on a fictitious claim, he told deceased that he would report the matter to the superintendent, and deceased advised him that he would kill him if he informed on him. Further appellant testified that, after he had been discharged, there

had been communicated to him threats on the part of deceased to take his life.

Touching the immediate circumstances surrounding the homicide, the state's proof was, in substance, as follows: Securing a pistol, appellant went to the place of business of the Worth Mills in search of deceased. Entering the building, he approached deceased's desk. Deceased was sitting at his desk as appellant reached him. Deceased had no weapon in his hand or on any part of his person, and made no demonstration toward appellant. Drawing his pistol, appellant shot deceased. Immediately after the first shot was fired, deceased ran from his desk, and, as he was fleeing, appellant shot him down. Appellant then fired a third shot into the body of deceased.

Appellant testified, in substance, that he went to the mill for the purpose of asking deceased to place him back in his old position; that he carried a pistol for the purpose of protecting his life against deceased; that he was aware that deceased kept a pistol in the drawer of his desk and that deceased was an expert shot; that as he reached the desk he stated to deceased that he had come to see him about the threats he had made against him; that deceased dropped his hand to his side and he heard the drawer of the desk move; that he immediately drew his pistol and fired across the desk at deceased; that he fired several other shots at deceased; that at the time he fired he believed deceased was going to kill him; that he did not shoot deceased after he fell to the floor; that he was agitated and excited at the time he fired the fatal shots.

Bill of exception No. 1 recites that appellant testified that deceased had on numerous occasions threatened to take his life and that he believed deceased was a dangerous man. Further it is recited in the bill that after this proof had been made appellant "sought to show by the witnesses George Valentine, W. R. Kincaid, J. T. Williams, and C. O. Boone that on different occasions" the deceased had displayed a firearm in their presence and had threatened to take their lives. It is recited in the bill that this proof was offered "for the purpose of showing the conduct of the deceased toward them (the witnesses), not in any way involving the defendant, except in so far as the defendant might have learned of said assaults and violence which might have affected his mind." The bill merely states that appellant sought to show by the witnesses that the occurrences recited in the bill took place. There is nothing to show that the witnesses would have given the testimony appellant says he sought to elicit. Moreover, the bill of exception fails to show that, prior to the homicide, appellant knew or had heard

of the alleged specific acts of violence on the part of deceased. Branch's Annotated Penal Code, sec. 2094; Neyland v. State, 187 S. W., 196.

Bill of exception No. 2 presents the following occurrence: Appellant testified that deceased had forced him and several other employees to accept more time than they were entitled to, and that, after collecting for this time, deceased would require him and such other employees to return to him (deceased) the money collected for overtime. Upon cross-examination the district attorney asked appellant this question: "This man, Mr. Bennett, made an investigation about that matter and had an auditor go in there and look over the accounts, and found out you were not telling the truth about it?" The bill of exception fails to show that this question was answered by appellant. At this point it is recited in the bill of exception that appellant "then offered the witnesses Mrs. Nora Barnes, George Brinkley, and Olin Maxey to show that such padding of the payrolls did in fact exist and was the beginning of the trouble between appellant and deceased which culminated in the shooting." It is recited in the bill that upon objection by the state the testimony was excluded. The bill is insufficient in failing to show, first, that the question addressed to appellant on cross-examination by the district attorney was answered by appellant; and, second, that the witnesses appellant offered would have testified that deceased "padded" the payrolls. The bill does not embrace the questions propounded to the witnesses mentioned therein. A bill of exception reciting that the accused "offered to prove" certain facts but not showing that such facts could have been proven, or that the witnesses would have testified to such facts, is defective. Branch's Annotated Penal Code, sec. 212; White v. State, 32 Texas Crim. Rep., 635, 25 S. W., 784; Castlin v. State, 57 S. W., 828; Barbee v. State, 58 Texas Crim. Rep., 136, 124 S. W., 966. Stated in another way, a bill of exception to the refusal of the court to permit a witness to answer a question must show what the answer of the witness would have been. Branch's Annotated Penal Code, sec. 212; Kyle v. State, 116 S. W., 598.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.